841 F.2d 26
 CARL MARKS & CO., INC., Hubert Park Beck, and Moses K.S.
Altman, individually, and on behalf of all other holders of
Five Year Five and One-Half Per Cent External Gold (Dollar)
Bearer Bonds issued by the Imperial Russian Government,
dated December 1, 1916, due December 1, 1921, similarly
situated, Plaintiffs-Appellants,
v.
UNION OF SOVIET SOCIALIST REPUBLICS, Defendant-Appellee.
CARL MARKS & CO., INC., Hubert Park Beck, and Moses K.S.
Altman, individually, and on behalf of all other holders of
Participation Certificates in the $50,000,000, 6 1/2 Three
Year Credit in favor of the Imperial Russian Government,
dated as of July 10, 1916, due June 18, 1919, similarly
situated, Plaintiffs-Appellants,
v.
UNION OF SOVIET SOCIALIST REPUBLICS, Defendant-Appellee.
 Nos. 636, 637, Dockets 87-7740, 87-7746.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 29, 1988.
Decided Feb. 29, 1988.
 
 Edward M. Sills, New York City (Lawrence Milberg, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, of counsel), for plaintiffs-appellants.
 Eugene Theroux, Washington, D.C. (B. Thomas Peele, Baker & McKenzie, Washington, D.C., of counsel), for defendant-appellee.
 Douglas Letter, U.S. Dept. of Justice, Washington, D.C. (Richard K. Willard, Asst. U.S. Atty. Gen., Washington D.C., Abraham D. Sofaer, Legal Advisor, Elizabeth G. Verville, Deputy Legal Advisor, U.S. Dept. of State, Washington, D.C., Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. York City, of counsel) argued and submitted a statement of interest, for the U.S.
 Before OAKES, NEWMAN and MINER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs-appellants are class representatives of holders of debt instruments, five-year external gold dollar bearer bonds and three-year credit participation certificates, that the Russian Imperial Government issued in 1916. Interest was paid on all the certificate installments and all but five bearer bond coupons after Lenin's Bolshevik Government repudiated "[a]ll foreign loans ... unconditionally and without exception" in 1918. The instant actions were commenced under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. Secs. 1330, 1602-1611 (1982), to recover the principal on both instruments and the interest represented by the five bond coupons from defendant-appellee Union of Soviet Socialist Republics ("USSR"). Default judgments were entered against appellee on March 31, 1986 in the United States District Court for the Southern District of New York (Brieant, Ch.J.). On March 30, 1987, appellee moved to vacate the default judgments pursuant to, inter alia, Fed.R.Civ.P. 60(b)(4) and to dismiss the complaints. The district court found the judgments void for want of jurisdiction, vacated them, and dismissed appellants' complaints. 665 F.Supp. 323 (S.D.N.Y.1987). These appeals ensued.
 
 
 2
 We agree with the district court that although the issuance of public debt falls within the "commercial activity" exception of Sec. 1605(a)(2) of the FSIA, see 665 F.Supp. at 335-36, the federal courts have no jurisdiction over these suits. The district court found that the Act is inapplicable to claims arising before the State Department issued the "Tate Letter" in 1952, adopting the "restrictive theory" of sovereign immunity that excluded nonpublic and commercial activities, see id. at 335. Such a retroactive application of the FSIA would affect adversely the USSR's settled expectation, rising "to the level of an antecedent right," of immunity from suit in American courts. Id. at 338-39; see Jackson v. People's Republic of China, 794 F.2d 1490, 1497-98 (11th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1371, 94 L.Ed.2d 687 (1987); Slade v. United States of Mexico, 617 F.Supp. 351, 358 (D.D.C.1985), aff'd mem., 790 F.2d 163 (D.C.Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 878, 93 L.Ed.2d 832 (1987); see also Schmidt v. Polish People's Republic, 742 F.2d 67, 71 (2d Cir.1984) ("While the Act indisputably enhances a party's capacity to obtain personal jurisdiction over a foreign state ... nothing in its language or legislative history indicates that ... wholesale reactivation of ancient claims was intended." (citation omitted)). We believe, as did the district court, that "[o]nly after 1952 was it reasonable for a foreign sovereign to anticipate being sued in the United States courts on commercial transactions," 665 F.Supp. at 339. However, we need not decide the effect of the FSIA on causes of action arising between 1952 and the enactment of the Act.
 
 
 3
 Further, we do not believe a contrary result is required by the Litvinov Assignment, under which the USSR assigned to the United States those claims " 'due it, as the successor of prior Governments of Russia ... from American nationals,' " United States v. Pink, 315 U.S. 203, 212, 62 S.Ct. 552, 556, 86 L.Ed. 796 (1942). We agree with the district court that "in general the Soviet Union enjoyed sovereign immunity from suit on its repudiated debts, and that Litvinov Assignment cases presented a special exception, in that by suing, the sovereign (or its assignee) has waived immunity as to all claims arising out of the transaction sued upon," 665 F.Supp. at 342. Because the USSR obviously has not consented to suit in this action, by itself or through any assignee, the Litvinov Assignment does not provide a basis for exercising jurisdiction over the USSR.
 
 
 4
 In sum, we agree with the District Court that the FSIA does not apply to confer jurisdiction over the instant actions for substantially the reasons set forth in Chief Judge Brieant's comprehensive and wellreasoned opinion. Accordingly, the judgments of the district court are affirmed.